The defendant in this case, Onezime Meche, Jr., was a tenant on a plantation owned by the plaintiff, Dr. A.B. Childs, who made him the necessary advances for making and harvesting a rice crop during the year 1931. The agreement, which was a verbal one, provided in substance that Dr. Childs was to furnish, in addition to the land and advances, the necessary seed for planting, water for irrigation, and pay the expenses of operating the pumping plant. Meche, for his part, was to make the crop, harvest and deliver it to a designated storage warehouse, and pay his share of the bags. They were then to share equally in the proceeds.
The present suit has for its purpose an accounting between them, plaintiff claiming that the proceeds from the sale of the rice crop were insufficient to pay all of the advances made by him, and that defendant is indebted to him in the further sum of $710.80.
In his original petition, plaintiff alleged that the total amount of advances made by him was $2,181.57, to which must be added interest amounting to $150.68, making the gross total $2,332.25. He alleges that the net amount of credit defendant is entitled to from the proceeds of the sales of the rice is $1,621.45, leaving the balance of $710.80 due him and for which he seeks to recover judgment. Alleging further that he held a chattel mortgage on certain movables belonging to the defendant, fully described in his petition, plaintiff asks for a recognition of the mortgage, and, in addition thereto, asked for and obtained a writ of provisional seizure under which the property was seized by the sheriff, some of it being afterwards released on a forthcoming bond furnished by the defendant.
The defendant first excepted to plaintiff's petition on the ground of vagueness. In answer to the exception, plaintiff filed a supplemental petition in which he itemized the *Page 274 
advances alleged to have been made by him. The amounts as itemized, exclusive of the demand for interest, total $1,964.58. There is a difference of $216.99 between this total and the sum alleged to have constituted the total amount of advances in the original petition, exclusive of interest. We will assume this difference to be an amount alleged in the supplemental petition to be due in accordance with an agreement in reference to some matters concerning other parties therein named. The amount is not specified, however, and plaintiff merely alleged that it would be shown on the trial of the case. We note that the trial judge sustained an objection to the introduction of testimony with regard to that claim. The ruling was undoubtedly proper and is not questioned.
The defendant filed answers to the original and supplemental petitions on the same day. In answer to the original petition, he averred that the advances made to him by plaintiff aggregated the sum of $1,370.77, and that, as his share in the proceeds from the crop amounted to $2,008.74, that left plaintiff owing him a balance of $637.97. He alleges that the seizure of his property was obtained in malice, and that he has suffered damages by reason thereof in the sum of $100. He also claims $100 as damages for attorney's fees in having the seizure released. In addition to this, he sets out various credits amounting to the sum of $65.35 due him by plaintiff, and then, assuming the position of a plaintiff in reconvention, he asks for judgment against the plaintiff in the full amount of $903.32.
In his answer to the supplemental petition, defendant denies fifteen of the thirty-seven items listed therein. The total amount of the fifteen items denied by him is $593.81. If we add this amount of items that are denied by defendant to the amount of advances he avers in his answer that was made to him, of $1,370.77, we find a total of $1,964.58, the exact amount of the various items enumerated in plaintiff's supplemental petition exclusive of the item for interest.
After hearing considerable testimony on all disputed items, most of which was of a very uncertain and indefinite character, the trial judge handed down an opinion in which he sustained the defendant in his denial of four of the items listed in plaintiff's supplemental petition, aggregating the sum of $222.70. He reduced the interest charge from $150.68 to $75, and allowed defendant the total credits claimed by him amounting to $65.35. He, in addition, reduced the amount of the advances claimed to have been made by disallowing one item and half of another which appeared as charges on certain accounts offered in evidence, but which had not been pleaded either as a charge by plaintiff or a credit by the defendant. These together amounted to the sum of $97.02. The total amount of advances claimed to have been made by plaintiff, including the interest demanded, was $2,115.26. The total amount of credits and deductions the district judge held defendant entitled to was $460.75. He then established the net amount coming to the defendant from the sale of the rice crop at $1,725.78, which left a balance in his favor in the accounting of $71.27, and he accordingly rendered judgment against the plaintiff in that amount. The writ of provisional seizure was recalled and the seizure thereunder dissolved, but all claims for damages were denied.
From the judgment as rendered, the plaintiff appealed. The defendant is satisfied therewith, and asks that it be affirmed.
We find the case to be very complicated, as accounting suits generally are. What makes this one a bit worse in that respect is due to the very loose manner in which these people conducted their business transactions. Neither kept books or records that could be of any assistance in determining how they stood in their accounts with each other, and the evidence is otherwise far from being satisfactory. Plaintiff and his wife, who he says is his bookkeeper, speak of books and accounts kept by them, but they did not produce any of these, and, if we are to judge from their testimony concerning the manner in which they were kept, we doubt that they would have thrown much light on the subject. The defendant is admittedly a man without much education. He kept no books or records of any kind, and had to rely on his memory to recall every transaction.
In the light of the evidence before him, we think that the district judge did well in disposing of some of the disputed items, although we believe that he erred in allowing the defendant a credit in two of the items whch had not been pleaded either as charges or credits. These are the two items already referred to. The aggregate of the two credits is $97.02, which amount will therefore have to be taken from the gross amount of the credits given in the judgment.
The principal item of dispute, and which was also disallowed plaintiff, is a charge in the sum of $139 for an alleged payment made to one Willie Brandt for threshing defendant's rice crop of 1930. The presumption of course is that this item was included in the settlement of accounts between the par-ties *Page 275 
for the crop of that year. As rebutting that presumption, however, we find a declaration in the act of crop lien and chattel mortgage for the year 1931 and executed on January 9th of that year, that the note given by the defendant, in connection therewith, is to represent advances for the crop of 1931 "and $462.00 for advances received for the year 1930." The proper way to incorporate this declaration in the act would have been to specify the items which constituted this balance carried over from the former year. That would have forestalled any dispute. We believe, however, that, as the positive proof that this amount of $139 was paid to Mr. Brandt for account of the defendant, on January 28, 1931, which was almost three weeks after the latter had executed the new act of lien and chattel mortgage and given his note, is a circumstance which favors the charge that has been made by plaintiff for this item and supports his testimony as to its correctness. We think that this amount also ought to be deducted from the total amount of credits given the defendant in the judgment. As for the remaining amount included in the balance that was carried over from the previous year in the sum stated as being $462, plaintiff failed to list any of the items in his pleadings, and whatever testimony he sought to substantiate them with was properly excluded by the trial judge.
The district judge properly rejected three of the other items disputed by defendant, one on the ground that it was not a proper charge against him and the other two for lack of sufficient proof. With regard to the interest account, we thoroughly agree with the learned district judge that it was next to impossible, under the system of accounts as kept by the parties, to arrive at what the exact charge would be. He fixed the sum of $75 as the approximate amount of interest due, and both parties seem to be satisfied with that sum. Neither of them disputes the amount of $1,725.78 determined by him as being the net proceeds coming to the defendant from the sale of the rice crop. Some of the items of credit making the total of $65.35 allowed by him are contested by the plaintiff on appeal, but we think they were all satisfactorily proven. At any rate, the testimony as to these is not of such nature as to justify us in reversing his findings.
The concluson we have reached in holding that the district judge was in error on the item of $139 and the two items aggregating the sum of $97.02 brings about a different result in the final judgment and produces a balance in favor of the plaintiff instead of the defendant, as did the judgment of the lower court. Instead of total credits of $460.75, including the reduction in the amount of interest, as found by the district judge, the total reached by us is only $224.73. Deducting that amount from the total amount of advances, including interest, claimed by the plaintiff, we are left with a balance of $1,890.53, the true amount of advances after allowing all credits. As the proceeds from the sale of the rice crop netted defendant the sum of $1,725.78, he is left owing the plaintiff the sum of $164.75, for which the latter is entitled to judgment. In the matter of costs, we think that the case is one which calls for the exercise of the discretionary power granted appellate courts in this state under section 2 of Act No. 229 of 1910, and we will accordingly distribute and prorate the costs in the lower court evenly between the two parties and cast the appellee with the costs in this court. Under such judgment, defendant of course would not be entitled to recover any of the damages he claims.
We find it necessary therefore to recast the judgment in toto, and therefore it is now ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, set aside and reversed, and that there be judgment in favor of the plaintiff, Dr. A.B. Childs, and against the defendant, Onezime Meche, Jr., in the full sum of $164.75, with interest at the rate of 8 per cent. per annum from date of judicial demand, until paid, and 10 per cent. on the aggregate amount of said sum and interest, as attorney's fees.
It is further ordered that the writ of provisional seizure herein issued at the instance of the plaintiff be maintained and perpetuated, and that the chattel mortgage on the movables given to secure the amount of advances made by him be recognized and declared to be executory, and that, from the proceeds of the sale of the property provisionally seized and foreclosed on, plaintiff be paid, by preference and priority over all other claims, the full amount of this judgment.
It is further ordered that all costs of this proceeding in the district court be distributed and equally prorated between the plaintiff and defendant, and that the costs of this appeal be paid by the defendant appellee. *Page 276